The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court.

## REPUBLIC BUILDING & LOAN ASS'N v. LUFKIN.

### No. 7199; Motion No. 13903.

Supreme Court of Texas.
April 19, 1939.

For former opinion, see 124 S.W.2d 979.

J. C. Muse, Jr., of Dallas, for plaintiff in error.

Cecil L. Simpson, of Dallas, for defendant in error.

CRITZ, Justice.

The above numbered and entitled cause is before us on motion for rehearing filed by Republic Building & Loan Association.

The Association says that we were in error in our original opinion in stating that W. W. Lufkin became an investing stockholder in 1930. We acknowledge the error. Lufkin became a stockholder about December 31, 1926. The date is immaterial.

The Association says that we were in error in the following statement contained in our original opinion, 124 S.W.2d 979, 980: "The certificates so purchased by Frazier were cancelled on the books of the Association at one hundred cents on the dollar of their withdrawal value, and he, Frazier, took secured notes belonging to the Association of the same aggregate, or equivalent, value as the withdrawal value of the stock cancelled."

We think the above statement is legally correct. The motion for rehearing, in effect, admits that the stock acquired by Frazier and those acting for and with him was cancelled on the books of the Association, not in the name of Frazier, "but in the name of some other individual acting with and for him."

The Association says that we were in error in stating in our original opinion that W. W. Frazier chartered General Bond and Mortgage Company. It is immaterial in whose name such concern was actually chartered. It was used and controlled by Frazier and those acting with him for the purposes stated by us in our original opinion.

The Association says that it did not recover back all the assets that Frazier abstracted from it. We did not say that such was the case. The Association recovered back the notes, or notes which we think, in law, represented their equivalent, which it parted with in consideration of the cancellation of Lufkin's stock.

The Association says that we were in error in stating, in effect, that Lufkin's stock was ordered restored on its books charged with $664.92 expenses incurred by the Association in making such recovery. We may have been in error in using the word, "expenses." That is immaterial. The Lufkin stock was ordered restored on the books of the Association charged with $664.92. This was the sum proper and necessary to be so charged in order to save the Association from loss in restoring such Lufkin stock on its books.

The final result of the judgment entered by the Court of Civil Appeals in this case was to restore W. W. Lufkin's stock on the books of this Association, charged with a sufficient sum to save the Association from loss in the Lufkin transaction. It is our opinion that, under the facts and circumstances of this record, such judgment is proper and equitable.

The motion for rehearing filed herein by the Association is in all things overruled.